IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| LEROY LUCERO, | § | |
| | § | |
| Defendant/Petitioner, | § | |
| | § | Criminal No. CR 06-2083 JEC |
| v. | § | Civil No. CV 16-105 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

UNOPPOSED EMERGENCY MOTION TO CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

## I.     Introduction

Petitioner, Leroy Lucero, through undersigned counsel, Richard Winterbottom, Assistant

Federal Public Defender, moves the Court to enter a corrected sentence pursuant to the dictates of

*United States v. Johnson*, 135 S.Ct. 2551 (2015).  The Government does not oppose the motion,

but requests that Mr. Lucero be returned to the District Court of New Mexico for resentencing.

On September 27, 2006, Leroy Lucero was charged in a one count indictment with being

a felon in possession of a firearm contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Mr. Lucero

plead guilty to the indictment on July 20, 2007.  The plea agreement stipulated that the government

would recommend a sentence of 180 months, the minimum under 18 U.S.C. § 924(e)(1).  The pre-

sentence report found that Mr. Lucero qualified as an Armed Career Criminal and was subject to

the enhanced sentence provisions of the "residual clause" under 18 U.S.C. § 924(e)(2)(B)(i).  PSR

¶ 24.  Two of Mr. Lucero's convictions were for a 1990 Aggravated Assault and a 1992 Aggravated

Battery with a Deadly Weapon.  The third conviction, however, was for a 2002 Escape from Jail.

PSR ¶ 24.  All three convictions were deemed crimes of violence and Mr. Lucero was subject to

the provisions of 18 U.S.C. § 924 (e)(1).  His adjusted guideline range was 168 to 210 months.

PSR ¶ 72.  Mr. Lucero was subject to the mandatory minimum of 180 months as mandated by 18

U.S.C. § 924(e)(1).  PSR ¶ 72.  He was sentenced to the statutory minimum sentence of 180

months.  As he was indicted on only one count, there were no counts dismissed or other

considerations provided in exchange for his plea of guilty.  Mr. Lucero's sentence under the Armed

Career Criminal Act (ACCA) was predicated on his 2002 escape from jail conviction.  In light of

the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Mr.

Lucero no longer qualifies under the ACCA because his escape from jail conviction no longer

qualifies as a "violent felony" under the Act's "residual clause," as *Johnson* renders that provision

unconstitutionally vague.  Mr. Lucero has not filed a previous motion for post-convictions relief.

Mr. Lucero is presently incarcerated in the Bureau of Prisons facility in Terre Haute,

Indiana.  He was arrested on June 27, 2006.  On his fifteen year sentence, he is currently due for

release on May 1, 2020.  If he had not been eligible for the enhanced sentencing provision of 18

U.S.C. § 924(e)(1), the maximum sentence he could have received would have been 10 years.  18

U.S.C. § 924(a)(2).  If Mr. Lucero received the maximum statutory sentence of 10 years, with his

already accrued good time he would be immediately eligible for release.  *See Barber v. Thomas*,

560 U.S. 474, 477-479 (On ten year sentence with full "good time" inmate will receive 470 days

of "good time" credit.)   Hence, the emergent nature of this petition.

Mr. Lucero's petition is timely under 28 U.S.C. § 2244(f)(3) because it is filed well within

one year of the Supreme Court's decision in *Johnson* which established a newly recognized right

that is retroactively applicable to cases on collateral review.  Mr. Lucero respectfully requests that

the Court grant this 28 U.S.C. § 2255 motion, vacate his current sentence, and resentence him to

ten years, the statutory maximum.

## II.     Basis for 28 U.S.C. § 2255 Relief

In light of *Johnson v. United States*, supra, Mr. Lucero is not ACCA eligible and his enhanced sentence violates due process.  Mr. Lucero's prior offense of escape cannot qualify under the 18 U.S.C. § 924(e)(2)(B)(ii) residual clause defining "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another" because that clause is void for vagueness.  On June 26, 2015, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S.Ct. at 2557.  Thus, "increasing a defendant's sentence under the clause denies due process by law."  *Id*.  The Court held the residual clause "vague in all its applications," *Id*. at 2561.  The Court overruled its contrary decisions in *James v. United States*, 550 U.S. 1929 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011).

After *Johnson*, Mr. Lucero does not qualify for the ACCA as he does not have three prior convictions that qualify as predicate offenses under 18 U.S.C. § 924(e)(2)(B)(ii).  Escape is not an enumerated crime in 18 U.S.C. § 924(e).  It falls exclusively within the unconstitutionally vague "residual clause".  The Supreme Court considered the federal escape statute, 18 U.S.C. § 751(a).  It recognized that defendants are convicted under 18 U.S.C. § 751(a) for conduct ranging from violent jailbreaks to non-violent walkaways or failure to report for incarceration.  *Chambers v. United States*, 555 U.S. 122 (2009).  Therefore, escape requires the court to determine whether the elements of the prior offense present, "a serious potential risk of physical injury to another."  *See*,

*United States v. Koufos*, 666 F.3d 1243, 1251 (10th Cir. 2011) (analyzing the identical language under U.S.S.G. § 4B1.2(a)).  This is exactly the exercise held violative of due process as it requires the judge to make a determination under the unconstitutionally vague "residual" clause.  *Johnson*, *supra*, 135 S.Ct. at 2563, ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.")  *See also United States v. Snyder*, 793 F.3d 1241, 1245 (10th Cir. 2015)  (After *Johnson,* "applying the residual clause violates due process in all instances").  Mr. Lucero's escape conviction was for the State crime of Escape from Jail contrary to § 30-22-8 NMSA (1978 Comp.).  Escape is not an enumerated crime in 18 U.S.C. § 924(e)(2).  Therefore, *United States v. Johnson* applies to Mr. Lucero's case.

Mr. Lucero has only two prior convictions that might qualify as ACCA predicate offenses. He is not eligible for enhancement under the Armed Career Criminal Act.  Because his conviction does not qualify for enhancement under the Armed Career Criminal Act, his enhanced sentence violates due process of law.  Mr. Lucero should be remanded for sentencing or sentenced, *in abstentia* to a term of ten years.

**III.     Mr. Lucero is entitled to relief under 28 U.S.C § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely**

**A.  Mr. Lucero's claim is cognizable under § 2255(a)**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  Mr. Lucero's 180 month sentence was imposed in violation of the Constitution because it was predicated on the residual clause.  The residual clause is "unconstitutionally vague," and "imposing an increased sentence under the

residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563.

This is all that is required.  Because Mr. Lucero's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply.  *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[U]nless the claim alleges a lack of jurisdiction or constitutional error, . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a defendant's claim that he was misclassified as a career offender "is generally not cognizable" under *Spencer v. United States*, 773 R.3d 1132 (11th Cir. 2014) (*en banc*), "[u]nlike *Spencer*, *Johnson* involved a claim of constitutional error"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to "'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice'") (citations omitted).

### B.  The rule announced in *Johnson* applies retroactively on collateral review.

A Supreme Court decision in *Johnson* applies retroactively to cases on collateral review if it announces a new rule that is substantive.  *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).  The rule announced in *Johnson* satisfies both requirements.

The rule announced in *Johnson* is new because the Court explicitly overruled its prior decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), which had affirmed sentences imposed under the residual clause and declined to find the clause unconstitutionally vague.  *See* 135 S.Ct. at 2563 ("Our contrary holdings in *James* and *Skyes* are overruled.").  "The explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)).

The rule announced in *Johnson* is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms", *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 620-21 (1998)), and it "alters the range of conduct or the class of persons that the law punishes," *Schriro*, 542 U.S. at 353 (citing *Bousley*, 523 U.S. at 620-21, and *Saffle*, 494 U.S. at 495).  The *Johnson* rule is substantive because it "decides the meaning of a criminal statute enacted by Congress," *Bousley*, 523 U.S. at 620, and it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Saffle*, 494 U.S. at 494.

If a new rule is substantive, it must be applied retroactively to all cases on collateral review. *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings."); *Davis v. United States*, 131 S.Ct. 2419, 2430 (2011) (retroactivity is a "categorical matter"); *Teague v. Lane*, 489 U.S. 288, 316 (1989) (new rule must "be applied retroactivity to *all* defendants on collateral review through one of the two exceptions we have articulated").  As the Third Circuit aptly put it, "[u]nder *Teague*, either a rule is retroactive or it is not." *United States v. Doe*, ___ F.3d ____, 2015 WL 8287858, *15, n.13 (3rd Cir. Dec. 9, 2015) (holding that *Begay* is retroactive in a guidelines case).

The Seventh Circuit has held that *Johnson* "announces a new substantive" rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." *Price v. United States*, 795 F.ed 731, 732 (7th Cir. 2015).  In deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status.'"  *Id*. at 734 (quoting *Saffle*, 494 U.S. at 494).  A defendant who was sentenced under the residual clause necessarily bears a significant risk of facing 'punishment that the law cannot impose upon him.'  *Summerlin*, 542 U.S. at 352, 124 S.Ct.02519.  There is no escaping the logical conclusion that the Court itself has made *Johnson* categorically retroactive to cases on collateral review."  *Id.* at 734.  Because the rule is substantive and thus retroactive, the Seventh Circuit has authorized successive collateral attacks on sentences imposed under the guidelines' residual clause.  *See Stork v. United States*, No. 15-2687, slip op. at 1-2 (7th Cir. Aug. 13, 2015) (authorizing successive collateral attack in advisory § 2K2.1 case because "*Johnson* announced a new substantive rule of constitutional law made retroactive to cases on collateral review by the Supreme Court"); *Best v. United States*, No. 15-2417, slip op. at 1-2 (7th Cir. Aug. 5, 2015) (authorizing successive collateral attack in mandatory career offender guideline cases because "*Johnson* announced a new substantive rule of constitutional law").

The Eleventh Circuit held in a guidelines case that the new rule announced in *Johnson* is substantive because it "narrow[ed] the scope of [section] 924(e) by interpreting its terms," and "narrowed the class of people who are eligible for an increased sentence under the Armed Career Criminal Act," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (internal quotation marks and citations omitted), such that "the new substantive rule from *Johnson* would apply retroactively" at least on a first § 2255 motion, *Id*. at 991.[1]

---

[1] The *Rivero* panel, however, further concluded that the Supreme Court did not "make" *Johnson* retroactive.  The panel thereafter appointed the Federal Public Defender for the Southern District of Florida to represent Mr. Rivero

In other cases, the government has conceded that the rule announced in *Johnson* is substantive and thus retroactive, *United States v. Imm*, Nos. 14-4809, 14-4810 (3d Cir. Aug. 6th, 2015), and that the Supreme Court has "made" the rule retroactive, *see*, e.g., Response to Application at 11-15, *Price v. United States*, 795 F.3d 731 (7th Cir. July 14, 2015) (No. 15-2427); Joint Emergency Mot., *United States v. Striet*, No-1572506 (9th Cir. Aug. 12, 2015); Joint Mot. at 7-8, *United States v. Jackson*, No. 15-80908 (10th Cir. Sept. 3, 2015); Joint Emergency Mot., *in re Scott*, No.15-291 (4th Cir. Sept. 9, 2015); Gov't's Resp. to Petitioner's Request to File Successive Mot. Under 28 U.S.C. § 2255, *Wilson v. United States*, No. 15-2942 (8th Cir. Sept. 11, 2015).

Mr. Lucero acknowledges that in *United States v. Gieswein*, the Tenth Circuit refused to rule that *Johnson* was retroactive.  __ F.3d _, 2015 W.L. 5534388.  In *Gieswein*, however, the petitioner sought authorization to file a second or subsequent motion under 28 U.S.C. § 2255.  This is Mr. Lucero's first motion under 28 U.S.C. § 2255.  The Court examined the application in *Gieswein* under the more stringent standard of whether the "Supreme Court has *made* the new rule retroactive to the cases on collateral appeal" (italics in original).  Thus, the Court refused the application under the "stringent requirement for filing a second or successive [motion]." *Id.*, citing *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir.), *cert denied*, ____ U.S. ____, 13 S.Ct. 269 (2013). Of course, the instant petition is an initial one and the more stringent requirement of the Supreme Court expressly holding the new rule retroactive is not applicable here.  Three circuits have declined to follow *Gieswein*, even conceding its more rigorous standard for subsequent 2255

---

and ordered briefing by newly appointed counsel and the government.  The government disagreed with the reasoning of the panel's further conclusion and conceded that if *Johnson* is substantive, the Supreme Court "made" it retroactive.  *See* Court-Ordered Brief for the United States at 12-15m No. 15-13089 (Sept. 28, 2015).  The Federal Public Defender filed its brief on October 13, 2015, arguing that the rule announced in *Johnson* is substantive, and thus the Supreme Court "made" it retroactive. *See* Court-Ordered Brief for Gilberto Rivero, No. 15-13089 (Oct. 13, 2015).

motions. *See Woods v. United States*, 805 F.3d 1152 (8th Cir. 2005), *in re Watkins*, _____ F.3d __

_____ (6th Cir. 2015), *DiMaya v. Lynch*, 803 Fed. Cir. 1110 (9th Cir. 2015).

Mr. Lucero also acknowledges that the retroactivity question was accepted for certiorari

by the United States Supreme Court on January 8, 2016 in *Welch v. United States*, No. 15-6418,

_____S. Ct. ____, 2016 WL 90594.  Mr. Lucero filed this motion seeking emergency relief

because he would be immediately eligible for release should he prevail.  The Court might be

inclined to await the Supreme Court's decision in *United States v. Welch* to be absolutely certain

of *Johnson*'s retroactivity.  Mr. Lucero presents the exact case posed in *Johnson*.  He was

statutorily enhanced due to a conviction which was ruled a crime of violence under the residual

clause.  Therefore, if *Johnson* is held retroactive that ruling will immediately apply to Mr. Lucero

as there are no substantive distinctions between his case and *Johnson*.  The question before the

Court is whether a greater injustice is imposed by keeping a man imprisoned beyond his legal

release date or releasing him and then rescinding the order and returning him to prison if the Court

is later proven in error.  The scenario of the Court committing error by granting this petition seems

fairly remote as the Department of Justice conceded retroactivity in *Welch* and the Supreme Court

was forced to appoint independent counsel to argue a position that the Government refused to

adopt.  *See Welch v. United States*, docket entry of January 15, 2016.  Mr. Lucero fits all the

requirements for retroactivity.  In the interest of justice, his petition should be granted immediately.

### C.      This motion is timely under 28 U.S.C. § 22558(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year

limitation period to run from "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Lucero has filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson* and announced a substantive rule that is therefore retroactive to cases on collateral review.

## Conclusion

Mr. Lucero is entitled to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law. This Court should vacate his erroneous ACCA sentence and re-sentence him without the ACCA enhancement.

|  |  |
|---|---|
|  | Respectfully submitted |
| I hereby certify that on February 10, 2016 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: | Stephen P. McCue Federal Public Defender 111 Lomas Blvd., NW, Suite 501 Albuquerque, New Mexico 87102 (505) 346-2489 |
| AUSA Eva M. Fontanez | ___[Electronically Filed]___ RICHARD A. WINTERBOTTOM Assistant Federal Public Defender Attorney for Defendant |