**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LEROY LUCERO,

       Petitioner,

v.                                     Civ. No. 16-105 JB/GJF
                                           Crim. No. 06-2083 JEC

UNITED STATES OF AMERICA,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the undersigned upon the Petition of Leroy Lucero ("Petitioner") for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. Doc. 47. Having considered the submissions of both parties, the record,[1] extant case law, and being cognizant of Respondent's lack of opposition, the undersigned recommends that the instant Petition for the Writ of Habeas Corpus ("Petition") be granted.

## I.    PROCEDURAL HISTORY

On September 27, 2006, a federal grand jury returned a one-count indictment charging Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1.[2] Thereafter, Petitioner entered into a plea agreement with Respondent whereby the parties stipulated to a sentence of 180 months, which represented the minimum mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Doc. 39.

Petitioner pleaded guilty before U.S. Magistrate Judge Robert H. Scott on July 20, 2007. Doc. 40. The pre-sentence report documented three prior "violent felony" convictions

---

[1] The record includes both the instant cause number, 16-CV-105-JB/GJF, and Petitioner's underlying criminal case, CR-06-2083-JEC.
[2] Unless otherwise noted, all document ("Doc.") citations refer to Petitioner's criminal case, 06-CR-2083-JEC.

that subjected Petitioner to the enhanced sentencing provisions of the ACCA.  These consisted of: (1) aggravated assault in 1990; (2) aggravated battery with a deadly weapon in 1992; and (3) escape from jail in 2002.  Doc. 47 at 1.  Although Petitioner's first two convictions met the element requirements of 18 U.S.C. § 924(e)(2)(B)(i), the last of these – escape from jail – qualified for enhancement only under the "residual clause" of the ACCA.  *Id.* at 2.  *See* 18 U.S.C. § 924(e)(2)(B)(ii) (2012) (defining violent felony to include convictions involving "conduct that presents a serious potential risk of physical injury to another").  Ultimately, because all three convictions qualified at that time as violent felonies under the ACCA, Petitioner was sentenced to the statutory minimum sentence of 180 months.  Doc. 47 at 2.

On February 10, 2016, Petitioner timely[3] filed the instant Petition, his first petition since judgment was rendered in his underlying criminal case.  *Id.*  Following an Order by U.S. District Judge James Browning to supplement the record with additional briefing, Respondent filed its "Brief on *Johnson v. United States*" ("Brief") on March 11, 2016.  Doc. 53.

## II.    ISSUE PRESENTED

Petitioner advances a single ground for post-conviction relief.  Namely, Petitioner asserts that the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him "to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law."  Doc. 47 at 10.  Petitioner explains:

[Petitioner] is not ACCA eligible and his enhanced sentence violates due process. [Petitioner's] prior offense of escape cannot qualify under the 18 U.S.C. §

---

[3] 28 U.S.C. § 2255(f) provides a one-year limitation period for federal habeas actions.  In relevant part, the period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f) (2012).  The U.S. Supreme Court decided *Johnson* on June 26, 2015, and Petitioner filed his Petition within one year of that date.  Thus, if *Johnson* is construed to be retroactive to cases on collateral review, then the instant Petition is timely under 28 U.S.C. § 2255(f)(3).

> 924(e)(2)(B)(ii) residual clause defining "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another" because that clause is void for vagueness.   On June 26, 2015, the Supreme Court declared the residual clause of the [ACCA], 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."

Doc. 47 at 3 (quoting *Johnson*, 135 S. Ct. at 2557).

In its brief, Respondent concedes that Petitioner is entitled to habeas relief.  Doc. 53.

Moreover, in response to the District Court's inquiry, *see* doc. 49 at 2, Respondent reaffirms

"its position of non-opposition" to the instant Petition.  Doc. 53 at 10.

## III.   STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in

conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, a

petitioner must demonstrate "that the sentence was imposed *in violation of the Constitution* or

laws of the United States, or that the court was without jurisdiction to impose such sentence, *or*

*that the sentence was in excess of the maximum authorized by law*, or is otherwise subject to

collateral attack."  28 U.S.C § 2255 (2012) (emphasis added).

Ordinarily, relief is available under § 2255 only if the claimed error constitutes "a

fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v.*

*United States*, 417 U.S. 333, 363 (1974).  Even so, in those exceptional circumstances where a

petitioner's due process rights have been violated, "[t]here can be no room for doubt that such a

circumstance inherently results in a complete miscarriage of justice and presents exceptional

circumstances that justify collateral relief."  *United States v. Shipp*, 589 F.3d 1084, 1091 (10th

Cir. 2009) (quoting *Davis*, 417 U.S. at 346-47) (internal quotation marks omitted).

IV.     ANALYSIS

Based upon the submissions of the parties and an examination of relevant law, the Court concurs with the parties' position that Petitioner's sentence, in light of *Johnson*, violates the Due Process Clause of the United States Constitution.  The Court reaches this recommendation for three reasons.  First, *Johnson* announces a new consitutional rule.  Additionally, the rule is substantive, and thus capable of retroactive application.  Finally, the limitations on a court's consideration of a "second or successive" § 2255 petition, as announced by the Tenth Circuit in *Gieswein*, are inapposite to Petitioner's original claim for habeas relief.  *See In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (per curiam).  Following a brief summary of the Armed Career Criminal Act and the *Johnson* case, the basis for each of this Court's recommendations will be discussed *seriatim*.

**A.  The Armed Career Criminal Act**

Generally, the maximum punishment allowable for a violation of 18 U.S.C. § 922(g) is ten years incarceration.  18 U.S.C. § 924(a)(2).  But, where a violator has three or more convictions for a "serious drug offense" or a "violent felony," the ACCA increases the violator's prison term to a minimum of fifteen years and a maximum of life.  *Id.* § 924(e)(1). "Violent felony," as defined by the ACCA, includes "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;" or "(ii) is burglary*, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  *Id.* § 924(e)(2) (emphasis added).  The italicized words of this definition have become known as the ACCA's residual clause.  *Johnson*, 135 S.Ct. at 2556.

4

### B.  The Holding in *Johnson*

In *Johnson*, the Supreme Court reviewed the sentence of Samuel Johnson, who was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Johnson*, 135 S.Ct. at 2556.  Based upon three prior convictions, including unlawful possession of a short-barreled shotgun,[4] the trial court found Johnson subject to enhancement under the residual clause of the ACCA and sentenced him to fifteen years incarceration.  *Id.*

Despite having upheld the constitutionality of the residual clause in previous rulings,[5] the *Johnson* court opined "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  *Id.* at 2557.  By the Court's estimation, the residual clause not only left "grave uncertainty about how to estimate the risk posed by a crime," but also as to "how much risk it takes for a crime to qualify as a violent felony."  *Id.*  Therefore, the Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  *Id.* at 2563.

### C.  *Johnson* Should Be Applied Retroactively to Petitioner

Although *Johnson* clearly invalidated the residual clause of the ACCA, the benefits of its nullification can only be enjoyed by Petitioner if it can be shown that *Johnson* created a new, substantive rule capable of retroactive application.  *See Teague v. Lane*, 489 U.S. 310, 311-13 (1989) (plurality opinion).  For the reasons set forth below, the undersigned believes that *Johnson* meets each of these enumerated requirements, and as a result, Petitioner should be resentenced.  *See Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016), *as revised* (Jan. 27,

---

[4] MINN. STAT. § 609.67 (2006).
[5] *See Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192 (2007).

2016) ("It is undisputed, then, that *Teague* requires the retroactive application of new substantive and watershed procedural rules in federal habeas proceedings."); *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (holding that new substantive rules generally apply retroactively, including decisions that narrow the scope of a statute by interpreting its terms).

### 1. *Johnson* Announced a New Rule of Constitutional Law

The rule announced in *Johnson* is irrefutably new. "[T]he source of a 'new rule' is the Constitution itself, not any judicial power to create new rules of law." *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008). A rule is new when it "'breaks new ground or imposes a new obligation on the States or the Federal government' or if it 'was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Johnson v. McKune*, 288 F.3d 1187, 1196 (10th Cir. 2002) (quoting *Teague,* 489 U.S. at 301).

Fundamentally, *Johnson* recognized Due Process Clause protections contained within the Constitution itself. *See Danforth*, 522 U.S. at 264. Subjecting a defendant whose ACCA sentence depends on the residual clause to fifteen years or more of imprisonment violates the Constitution. *See Johnson*, 135 S. Ct. at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process."). As the Court explained in *Montgomery*, "when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful," and "[a] penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional." 136 S. Ct. at 731.

Further, the *Johnson* court not only broke new ground, but explicitly overruled its "contrary holdings in *James* and *Sykes*," which had previously upheld the constitutionality of

the residual clause.  135 S. Ct. at 2563.  "The explicit overruling of an earlier holding no doubt

creates a new rule."  *Saffle v. Parks*, 494 U.S. 484, 488 (1990).  The Tenth Circuit recognized

as much in *Gieswein*, holding that "*Johnson* announced a new rule of constitutional law."  802

F.3d at 1146.  Every other federal circuit to have passed on this issue agrees.  *See Pakala v.*

*United States*, 804 F.3d 139 (1st Cir. 2015) (per curiam); *In re Williams*, 806 F.3d 322 (5th Cir.

2015); *In re Watkins*, 810 F.3d 375 (6th Cir. 2015); *Price v. United States*, 795 F.3d 731 (7th

Cir. 2015); *Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) (per curiam); *In re Rivero*,

797 F.3d 986 (11th Cir. 2015).  For these reasons, *Johnson* created a new rule of constitutional

law.

### 2.  *Johnson* Created a Substantive Rule Capable of Retroactive Application

The rule in *Johnson* is also substantive and capable of retroactive application.  The

distinction between procedural and substantive rules is critical under the Supreme Court's

retroactivity analysis, as *Teague* commands that "a new constitutional rule of criminal

procedure does not apply, as a general matter, to convictions that were final when the new rule

was announced."  *Montgomery*, 136 S. Ct. at 728.  Conversely, however, the *Teague* decision

instructs that "courts must give retroactive effect to *new substantive rules of constitutional*

*law*."  *Id.* (emphasis added).   "Such rules apply retroactively because they necessarily carry a

significant risk that a defendant stands convicted of an act that the law does not make criminal

or faces a punishment that the law cannot impose upon him."  *Schriro*, 542 U.S. at 352 (internal

citations and quotation marks omitted).

*Johnson*'s invalidation of the residual clause is a substantive rule because, under the

holding of *Johnson*, the Fifth Amendment's Due Process Clause bars the imposition of an

ACCA sentence (*i.e.*, a term of imprisonment of 15 years to life, *see* 18 U.S.C. 924(e)), on

prisoners whose classification as armed career criminals depends on the residual clause. *Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563; see *id.* at 2557 ("Increasing a defendant's sentence under the clause denies due process of law."). The holding of *Johnson* thus "prohibit[s] a certain category of punishment for a class of defendants because of their status." *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *see In re Watkins*, 810 F.3d at 383 (*Johnson* is a substantive rule because it "prohibits the imposition of an increased sentence on those defendants whose *status* as armed career criminals is dependent on offenses that fall within the residual clause."); *Price*, 795 F.3d at 734 ("In deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status.'") (quoting *Saffle*, 494 U.S. at 494).

A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. *Schriro*, 542 U.S. at 353. Thus, the rule announced in *Johnson* is substantive because it "prohibit[s] a certain category of punishment for a class of defendants because of their status." *Montgomery*, 136 S. Ct. at 728. Before *Johnson*, a defendant convicted under 18 U.S.C. § 922(g) who had three or more prior convictions for a serious drug offense or a violent felony - including a violent felony that qualified only under the ACCA's residual clause - faced a minimum of 15 years of imprisonment and could be sentenced to any term of imprisonment from 15 years to life. *See* 18 U.S.C. § 924(e). After *Johnson*, however, a defendant convicted under § 922(g) whose ACCA sentence depended on the residual clause can be sentenced only to a maximum of ten years of imprisonment. *See* 18 U.S.C. § 924(a)(2). That is a substantive change in the law. It "alters . . . the class of persons,"

*Schriro*, 542 U.S. at 353, authorized to be punished under the ACCA with an enhanced sentence of fifteen years to life by removing from that class persons who qualify only by virtue of a residual clause conviction.

To date, in addition to the Tenth Circuit's decision in *Gieswein*, there have been at least six other federal courts of appeals to have published decisions on the question of whether *Johnson* is a new and substantive rule of constitutional law subject to retroactive application to cases pending on collateral review. *See In re Watkins*, 810 F.3d at 375; *In re Williams*, 806 F.3d at 322; *Woods*, 805 F.3d at 1152; *Pakala,* 804 F.3d at 139-40; *In re Rivero*, 797 F.3d at 986; *Price*, 795 F.3d at 731. Unfortunately, unlike the present case before the Court, each of these cases arose in the context of a prisoner-petitioner filing a second or successive habeas petition under 28 U.S.C. § 2255(h), so their precedential value is limited. Nonetheless, these decisions uniformly agree that *Johnson* announced a "new" constitutional rule. *See In re Watkins*, 810 F.3d at 379-80 (holding that *Johnson* announced a new rule of constitutional law); *In re Williams*, 806 F.3d at 325 (same); *Woods*, 805 F.3d at 1154 (same); *Pakala,* 804 F.3d at 139; *In re Rivero*, 797 F.3d at 989 (same); *Price*, 795 F.3d at 732-33 (same). And all but one of the cases further agrees that the rule was substantive, not procedural, with *In re Williams*, 806 F.3d 322 (5th Cir. 2015), being the outlier. And with respect to whether *Johnson* should be applied retroactively to cases on collateral review for the second or successive time, one circuit agrees with *Gieswein*'s holding that the rule cannot be applied retroactively, *see In re Rivero*, 797 F.3d at 991, whereas four circuits disagree. *See In re Watkins*, 810 F.3d at 375; *Woods*, 805 F.3d at 1152; *Pakala,* 804 F.3d at 139-40; *Price*, 795 F.3d at 731.

Writing for the Court as recently as January 27, 2016, Justice Kennedy declared "[i]t is now undisputed . . . that *Teague* requires the retroactive application of new substantive rules in

federal habeas proceedings." *Montgomery*, 136 S. Ct. at 728.  Recognizing this, and relying on the distinctions this Court will draw below between the instant case and Tenth Circuit precedent in *Gieswein*, the undersigned recommends that the rule in *Johnson* be retroactively applied to Petitioner's case.

### 3.  *In re Gieswein* **Does Not Apply in Petitioner's Case**

On September 25, 2015, the Tenth Circuit declined to extend retroactive application to the rule in *Johnson*.  *In re Gieswein*, 802 F.3d at 1148-49.  The Tenth Circuit did so, however, based on an examination of whether to apply *Johnson* in the highly restrictive context of a second or successive habeas filing.  *See* 28 U.S.C. § 2255(h) (2012).  Because *Gieswein* concerned a second habeas filing, its holding does not control the instant inquiry.

In *Gieswein*, the Tenth Circuit denied a petitioner authorization to file a second habeas petition challenging his ACCA sentence based on *Johnson*.  *In re Gieswein*, 802 F.3d at 1144. To reach this holding, the Tenth Circuit relied on the limiting language in 28 U.S.C. § 2255(h), which requires a petitioner seeking authorization to file a successive habeas petition to establish reliance on "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable."  *Id.* at 1145-46 (citing 28 U.S.C. § 2255(h)(2) (emphasis added).  *Compare with* 28 U.S.C. § 2255(f)(3) (allowing for the filing of habeas petitions within one year of a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," but not *requiring* that the retroactivity be mandated by the Supreme Court itself).  Relying on precedent concerning successive habeas petitions, the Tenth Circuit reasoned that "[u]nder § 2255(h)(2), the Supreme Court is the only entity that can 'make' a new rule retroactive."  *In re Gieswein*, 802 F.3d at 1146 (quoting *Cannon v. Mullin*, 297 F.3d 989, 993 (10th Cir. 2002)).  Correspondingly, the court found that

10

"the Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in *Johnson* is retroactive to cases on collateral review." *Id.* at 1148-49.

The instant Petition is not a second or successive habeas petition. To the contrary, it represents Petitioner Leroy Lucero's first attempt to obtain habeas relief from the district court. Thus, the restrictive statutory language that guided the *Gieswein* court's analysis does not apply to this initial habeas motion. *See* 28 U.S.C. § 2255. The Tenth Circuit has recognized as much. *See Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) ("Therefore, a holding by this court that a new rule of constitutional law satisfies the requirements for retroactive application to *initial* habeas petitions . . . does not suffice to make that rule retroactively applicable to cases on collateral review for purposes of authorizing a *second or successive* § 2255 motion or a 28 U.S.C. § 2254 petition." (emphasis added)); *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002) (analyzing as part of an initial habeas petition whether the Supreme Court decision in *Apprendi* should apply retroactively and noting that initial petitions are not analyzed under the same restrictions as second and successive habeas petitions). *Compare Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002) (concluding that Supreme Court decision in *Richardson v. United States*, 526 U.S. 813 (1999), announced a "new rule of *substantive* law" that could be applied retroactively as part of an initial habeas motion), *with United States v. Apodaca*, 90 F. App'x 300, 304 (10th Cir. 2004) ("Even though *Richardson* announced a new rule of substantive law retroactively applicable to cases on collateral review, at least for purposes of a first § 2255 motion, . . . it was not 'made retroactive to cases on collateral review by the Supreme Court,' 28 U.S.C. § 2255, for purposes of enabling a second or successive § 2255 motion.").

Further underscoring the limited scope of the *Gieswein* decision is the language used by the Tenth Circuit tethering its holding to cases involving second or successive § 2255 motions. 802 F.3d at 1146 ("Thus, *in the context of deciding a motion for authorization*, it is not this court's task to determine whether (or not) a new rule fits within one of the categories of rules that the Supreme Court has held apply retroactively." (emphasis added)); *id*. at 1149 ("Therefore, Gieswein's motion does not satisf[y] the stringent requirements for the filing of a second or successive [motion]." (internal citation and quotation omitted)). Because the instant Petition is not a second or successive filing, the *Gieswein* decision does not impact the Court's analysis in this case.

In *United States v. Chang Hong*, the Tenth Circuit confirmed the distinction between initial and subsequent habeas filings, finding that the lower courts "may apply *Teague* in the first instance and determine . . . whether a new rule applies retroactively to initial habeas petitions." 671 F.3d 1147, 1156 n.10 (10th Cir. 2011). The *Chang Hong* court contrasted this with "second or successive habeas petitions," where "'a new rule is made retroactive to cases on collateral review only when the Supreme Court *explicitly holds* that the rule it announced applies retroactively to such cases." *Id.* (quoting *Bey*, 399 F.3d at 1268). To support its position, the court surveyed its sister circuits, and found that they too had found that courts *other than the Supreme Court* may decide whether a new rule applies retroactively to first-time habeas petitions. *Id.* (citations omitted); *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) (holding that any court may make a retroactivity decision, and finding that every circuit to consider the issue has held that a court other than the Supreme Court may decide issues of retroactivity on initial habeas filings); *United States v. Swinton*, 333 F.3d 481, 486 (3d Cir. 2003) (holding that either a district court or circuit court can make a retroactivity decision); *Ashley v.*

*United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("District and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review.").

Based on Tenth Circuit precedent, and particularly the analysis in *Chang Hong*, the undersigned concludes that *Gieswein* does not foreclose the District Court's retroactive application of the *Johnson* ruling to Petitioner's case. Instead, after conducting its own *Teague* analysis, the District Court can and should conclude that *Johnson* announced a new and substantive constitutional rule that should be applied retroactively to initial habeas petitions.

## V.   CONCLUSION

For the reasons set forth above, the undersigned recommends that Petitioner Leroy Lucero's Petition for the Writ of Habeas Corpus be granted. The undersigned further recommends that, pursuant to 28 U.S.C. § 2255(b), the District Court resentence Petitioner under 18 U.S.C. § 924(a)(2), rather than § 924(e).

**IT IS SO RECOMMENDED.**

.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**