# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## RE-SENTENCING MINUTE SHEET (PURSUANT TO *JOHNSON*/ACCA RETROACTIVITY)

| | | | |
|---|---|---|---|
| CR No. | CR 06-2083 JB & CIV 16-0105 JB | USA v. | **Lucero** |
| Date: | 5/26/16 | Name of Deft: | **Leroy Lucero** |
| Before the Honorable | | **James O. Browning** | |
| Time In/Out: | 3:30 p.m/4:19 p.m. | Total Time in Court: | :49 |
| Clerk: | K. Wild | Court Reporter: | M. Seal |
| AUSA: | Eva Fontanez | Defendant's Counsel: | Richard Winterbottom (Appointed) <br> Stephanie Porter (Paralegal) |
| Sentencing in: | ABQ | Interpreter: | |
| Probation Officer: | Loyola Garcia | Sworn? | Yes / No |

| | | | | | |
|---|---|---|---|---|---|
| Convicted on: | Plea | Verdict | As to: | Information | Indictment |
| Plea: | Accepted | Not Accepted | Adjudged/Found Guilty on Counts: | | |
| Plea Agreement: | Accepted | Not Accepted | No Plea Agreement | Comments: | |
| Date of Plea: | | | PSR: | Not Disputed | Disputed |
| PSR: | | Court Reviewed PSR Factual Findings and USSG Calculations and Adopts as Its Own | Evidentiary Hearing: | Not Needed | Needed |
| Exceptions to PSR: | | | | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | **112 months and 15 days or time served, whichever is less** | |
|---|---|---|---|
| Supervised Release: | 3 years | Probation: | 500-Hour Drug Program |

### SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during sentence | | Reside halfway house _____ months _____ days |
| X | Participate in outpatient substance abuse program | | Register as sex offender |
| X | Participate in outpatient mental health program | | Participate in sex offender treatment program |
| X | No alcohol or other forms of intoxicants | | Possess no sexual material |
| X | Submit to search of person/property | | No computer with access to online services |
| | No contact with victim(s) and/or co-Deft(s) | | No contact with children under 18 years |
| | No entering, or loitering near, victim's | | No volunteering where children supervised |
| | Provide financial information | | Restricted from occupation with access to |
| | Grant limited waiver of confidentiality | | No loitering within 100 feet of school yards |
| X | OTHER: <br> --The Defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon. | | |

| Fine: $ | 0.00 | Restitution: $ | 0.00 |
|---|---|---|---|

| SPA: | $ | 100.00 | | Payment Schedule: | X | Due Immediately | | Waived |
|---|---|---|---|---|---|---|---|---|
| OTHER: | | **Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title and interest in a Mossberg, model 500A, 12 gauge shotgun, serial number K117708; and two 12 gauge cartridges of ammunition.** | | | | | | |
| X | Advised of Right to Appeal | | | Waived Appeal Rights per Plea Agreement | | | | |
| X | Held in Custody | | | Voluntary Surrender | | | | |
| | Recommended place(s) of incarceration: | | | | | | | |
| | Dismissed Counts: | | | | | | | |
| OTHER COMMENTS | | Court notes reviewed minutes from last hearing – seems Court was proposing to sentence Defendant to the maximum of 120 months, but there was disagreement re: TSR. Defense counsel believes Defendant is eligible for time served sentence or of 9 years, 4 months and 15 days or time served, whichever is less – calculate 364 days of good time as of 2/11/16 – USSG range of 77-96 months is substantially below that, so dealing with substantial upward variance at this point - concerned if Court imposes 10 year sentence – which has been served - Defendant will be returned to BOP for further calculations to be done; Court asks if 9 years, 4 months and 14 days equals 112 months and 15 days; AUSA and USPO confirms. Court discusses parties' disagreement re: TSR – issue pertains to condition re: residing at RCC at 6 months – informs Defendant's father's home has been inspected by USPO and determined appropriate for Defendant to reside – suggests Defendant residing at Diersen (only option) with individuals who are still serving time is not an ideal situation for Defendant. USPO addresses Court – home of father is appropriate; father was very cooperative during home visit and has expressed willing to assist Defendant with getting appropriate treatment –supervision is still requesting placement at halfway house for transitional purposes. Court discusses with USPO rationale for Defendant being placed at halfway house. USPO informs father believes can find employment for Defendant in Las Vegas. Court queries Defendant's father – prepared to do what is needed to ensure smoothe transition – will have no alcohol in home. Court confirms defense counsel has reviewed conditions of release with Defendant and he is okay with them. Defendant allocutes. Court confers w/Defendant regarding positive points about going to halfway house for a period of time. AUSA addresses Court – requests sentence of 10 years – have conferred with BOP and 10 years would be considered a time served sentence – requests Defendant be placed at halfway house – provides rationale for same – suggests if Defendant performs well could ask Court to lessen 6 month term. Court requests USPO provide copy of rules and regulations for Diersen to Defendant and his father. Court provides findings to support imposition of special conditions. Court confers with Defendant and his father regarding the rules and regulations of Diersen – provides copy to each – not going to impose term at halfway house, but would like for the Defendant to try to adhere to the rules would have there.   Defense counsel informs Defendant has paid some portion of SPA – will work with USPO to determine that amount. USPO informs Defendant may not be released today – need to send J&C to BOP for paperwork to be processed for release. | | | | | | | |